UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 24-CV-21573-WILLIAMS/GOODMAN

JOAQUIM NETTO,

        Plaintiff,

v.

NATIONWIDE EXPRESS
CARRIER CORP.,

        Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON**
**PLAINTIFF'S SECOND MOTION FOR DEFAULT FINAL JUDGMENT**

Joaquim Netto ("Netto" or "Plaintiff") seeks a default final judgment [ECF No. 35]

against the remaining defendant in this lawsuit, Nationwide Express Carrier Corp.

("Nationwide" or "Defendant"). [ECF No. 35].[1]

United States District Judge Kathleen M. Williams referred this motion to the

Undersigned "for a report and recommendation." [ECF No. 36]. For the reasons

discussed below, the Undersigned respectfully recommends that the District Court **deny**

---

[1]    This is Plaintiff's *second* default judgment motion. Judge Williams denied without prejudice Plaintiff's initial motion [ECF No. 31] because Plaintiff failed to include a proposed order and proposed final judgment, as required by Fed. R. Civ. P. 58(a) and S.D. Fla. L.R. 7.1(a). [ECF No. 33]. Plaintiff's refiled motion includes both proposed documents. [ECF Nos. 35; 35-4; 35-5].

**without prejudice** Plaintiff's motion [ECF No. 35].

## I.    Background

As succinctly summarized by Judge Williams in an earlier Order:

This civil suit stems from the transportation of a "custom tiny house recreational vehicle" ("Property") from Mercedes, Texas to Townsend, Tennessee. As the owner of the Property, Netto hired [One Call Logistics, LLC ("One Call")], a transportation broker located in Volusia County, Florida, to assist in its conveyance across state lines. (DE 7 at 2.) on or around June 3, 2021, One Call retained Defendant Nationwide . . . , a motor carrier located in Miami-Dade County, Florida, to provide the transportation and delivery services of the Property. (*Id.*) However, while en route to Tennessee, Nationwide was involved in a traffic collision in which the Property was damaged. (*Id.*) Following the collision, Netto submitted requests to One Call and Nationwide seeking reimbursement for the expenses related to the repairs for the damages sustained to the Property in the collision. (*Id.*) According to Netto, Defendants declined to provide any compensation for these alleged damages. (*Id.*)

[ECF No. 30, pp. 1–2].

Plaintiff filed a three-count First Amended Complaint ("FAC") alleging breach of contract (Count I) and negligence (Count II) against One Call and violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (Count III), against Nationwide. [ECF No. 8].

One Call filed a Rule 12(b)(6) motion seeking to dismiss Counts I and II [ECF No. 8], which Judge Williams granted without prejudice. [ECF No. 30]. Judge Williams provided Plaintiff with leave to file a second amended complaint to remedy the defects identified in her Order and warned Plaintiff that "[a]ny failure to timely file a second amended complaint asserting claims against Defendant One Call . . . [would] result in the

dismissal only of Defendant One Call . . . without further notice." *Id.* at 7. Plaintiff did not file an amended pleading and, as a result, Judge Williams dismissed One Call from this lawsuit. [ECF Nos. 32; 34].

Nationwide did not appear in this case or otherwise defend this lawsuit. On Plaintiff's motion [ECF No. 28], the Clerk of the Court entered a Clerk's Default [ECF No. 29] against Nationwide.

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before the close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.    Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915,

at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

A.    **Subject-Matter Jurisdiction**

"Federal district courts have original jurisdiction over Carmack Amendment claims provided the amount in controversy exceeds $10,000, exclusive of interest and costs." *Bart Flanagan Tree Serv., LLC v. RKD Trans, Inc.*, No. 2:24-CV-00221-JCN, 2024 WL 4252681, at *3 (D. Me. Sept. 20, 2024) (citing 28 U.S.C. § 1337(a)).

The FAC [ECF No. 7] alleges a cause of action under the Carmack Amendment, 49 U.S.C. § 14706, and that Plaintiff suffered property damages in excess of $75,000. [ECF No. 7, ¶¶ 45–52]. Therefore, the Court has original subject-matter jurisdiction over the instant action. *See Scotlynn USA Div., Inc. v. Titan Trans Corp.*, No. 2:18-CV-521-FTM-99CM, 2018 WL 8344693, at *1 (M.D. Fla. Aug. 1, 2018) ("Under the Carmack Amendment, a federal district court has concurrent jurisdiction over civil actions brought against a delivering carrier where it operates, or against a carrier alleged to have caused the loss or damage in the judicial district where the loss or damage occurred." (citing 49 U.S.C. § 14706(d))).

B.    **Personal Jurisdiction**

In addition to subject-matter jurisdiction, a court must also have personal jurisdiction over a defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL

8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### 1.    Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

After two unsuccessful attempts at service, Plaintiff filed a motion seeking authorization for service of process through alternate means pursuant to Fla. Stat. § 49.021. [ECF No. 23, p. 4]. Plaintiff represented in his motion that "the substitute service

6

of process requested [was] proper under Florida law, namely Fla. Stat. § 49.021(2)[.]" The Court granted the motion, permitting Plaintiff to serve Nationwide by publication and extending the service deadline to September 9, 2024. [ECF No. 25].

On September 16, 2024, Plaintiff filed an affidavit of publication, which attested that a copy of the notice of action was published in the Miami Herald on "08/05/24, 08/12/24, 08/19/24, [and] 08/26/24." [ECF No. 27-1, p. 1].

"Service on a corporation, partnership, or association may be completed 'in the manner prescribed by Rule 4(e)(1) for serving an individual.'" *Daniley v. Fla.'s Green Thumb Lawn & Pest, LLC*, No. 8:24-CV-02023-KKM-AEP, 2025 WL 360855, at *3 (M.D. Fla. Jan. 16, 2025), *report and recommendation adopted*, No. 8:24-CV-2023-KKM-AEP, 2025 WL 359250 (M.D. Fla. Jan. 31, 2025) (quoting Fed. R. Civ. P. 4(e)(2)(A)). Rule 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The Undersigned acknowledges that the Court granted Plaintiff leave to serve Nationwide by publication. [ECF No. 25]. But neither Plaintiff in his motion [ECF No. 23] nor the Court in its Order [ECF No. 25] addressed whether the instant action is the type of action in which Florida law would permit service of process by publication. Upon closer inspection, the Undersigned notes that "[s]ection 49.011 of the Florida Statutes lists

the actions or proceedings in which '[s]ervice of process by publication may be made in any court on any party identified in [section] 49.021." *Philadelphia Indem. Ins. Co. v. Lemay-Kwaiser*, No. 3:24-CV-388-BJD-LLL, 2024 WL 4803849, at *1 (M.D. Fla. Oct. 8, 2024). Plaintiff has not shown that the instant action for money damages is one of the actions listed in section 49.011. In fact, some courts have noted that "Florida law does not permit service by publication in an action seeking monetary damages on *in personam* claims." *CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, No. 21-CV-60462, 2021 WL 2953118, at *3 & n.2 (S.D. Fla. July 14, 2021) (collecting cases).

Thus, although the Court allowed Plaintiff to serve Nationwide by publication [ECF No. 25], Plaintiff has not demonstrated that the instant action is the type of action in which service by publication is permitted under Florida law.

The burden is on *Plaintiff* to demonstrate that service of process on Nationwide has been perfected. *See Morris Edwin H. & Co. v. Treble Makers of Wesley Chapel, Inc.*, No. 8:24-CV-00579-MSS-CPT, 2024 WL 3345332, at *2 (M.D. Fla. July 9, 2024), *reconsideration denied sub nom. Morris Edwin H & Co. v. Treble Makers of Wesley Chapel, Inc.*, No. 8:24-CV-00579-MSS-CPT, 2024 WL 3553433 (M.D. Fla. July 26, 2024) ("The plaintiff bears the burden of establishing proper service of process upon a defendant.").

Moreover, in denying Plaintiff's first default judgment motion, Judge Williams specifically directed Plaintiff to demonstrate that he had perfected service:

> Plaintiff shall file a motion for final default judgment against Defendant Nationwide . . . and serve it in accordance with Rule 55(b)(2) of the Federal

Rules of Civil Procedure. The motion <u>must</u> reference specific legal authority establishing Plaintiff's entitlement to the relief sought and **demonstrating that service was proper**. The motion <u>must</u> be accompanied by (1) a proposed default final judgment order setting forth the sum certain owed as money damages and the sum certain sought for attorneys' fees and costs supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings and (2) a proposed final judgment.

[ECF No. 33 (underline emphasis in original; bold emphasis added)]. Plaintiff has not done so.

Plaintiff's default judgment motion addresses service of process in only two sentences: "With the Court's leave, Plaintiff served Defendant NATIONWIDE with service of process by publication [ECF No. 25]. On September 16, 2024, Plaintiff filed his Proof of Service by Publication [ECF No. 27]." [ECF No. 35, p. 2 (capitalization in original)]. But he does not cite to any legal authority establishing that service of process by publication was proper in this action for money damages.

Thus, if Plaintiff wishes to continue to rely on service by publication, then he must persuade the Court (with pertinent legal authority) that this type of service is proper under Florida law in an action for monetary damages (*i.e.*, that service of process was perfected *notwithstanding* the limitation in Fla. Stat. § 49.011).

Alternatively, Plaintiff may attempt to serve Nationwide in the manner provided by the applicable Florida service statutes, including substituted service of process on the Secretary of State (Fla. Stat. § 48.161), if appropriate. But, **Plaintiff must demonstrate strict compliance with the service requirements**. *See Shurman v. Atl. Mortg. & Inv. Corp.*,

795 So. 2d 952, 954 (Fla. 2001) ("[B]ecause of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced."). In either event, Plaintiff must demonstrate (with citation to pertinent legal authority) that Nationwide was properly served. A two-sentence recitation of the procedural history of the case [ECF No. 35, p. 2] is not enough.

### 2.   Amenability to Jurisdiction

The Court must also ensure that a defaulted defendant is amenable to this Court's jurisdiction. Plaintiff's motion states that "Defendant NATIONWIDE is a Florida corporation" *id.*, but the FAC does not expressly contain this allegation. Instead, the FAC alleges that "[a]t all times material hereto and at the times of the incident complained of, Defendant NATIONWIDE was engaged in the business of transportation services as a motor carrier in Miami-Dade County, Florida" and that "[v]enue is proper in this district and division under 28 U.S.C. § 1391(b)(1) as one (1) of the Defendants [(presumably Nationwide)] resides within this district and division.". [ECF No. 7, ¶¶ 3, 5 (capitalization in original)].

A Florida corporation is amenable to the jurisdiction of this Court. *See Shropshire v. Towing & Auto Repair Mgmt. Corp.*, No. 8:20-CV-1931-TPB-CPT, 2021 WL 2904907, at *2 (M.D. Fla. Apr. 23, 2021), *report and recommendation adopted*, No. 8:20-CV-1931-TPB-CPT, 2021 WL 2895741 (M.D. Fla. July 9, 2021) (finding that the court had jurisdiction over the corporate defendant because it was a Florida corporation with its principal place of

business in Florida); *Subic Bay Marine Exploratorium, Inc. v. JV China, Inc.*, 257 So. 3d 1139, 1141 (Fla. 5th DCA 2018) ("Florida residents are subject to the general jurisdiction of Florida courts. Under Florida law, corporations are residents of their state of incorporation." (internal citation omitted)).

For purposes of the instant motion, the Undersigned takes judicial notice of Nationwide's status as an active Florida for profit corporation on the Florida Department of State's website (www.sunbiz.org).[3] If Plaintiff establishes that service of process has been perfected, then Nationwide would be amenable to this Court's jurisdiction.

### C.     Liability

As noted above, the FAC alleges a single cause of action against Nationwide for violation of the Carmack Amendment (Count III). [ECF No. 7]. As this Court has noted:

> "The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce." *Smith v. UPS*, 296 F.3d 1244, 1246 (11th Cir. 2002) (citing *New York, New Haven, & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953)). "To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Smith*, 296 F.3d at 1246 (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S. Ct. 148, 57 L. Ed. 314 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.")).

---

[3]     "[B]ecause the Sunbiz [f]iling is publicly available on the Florida Department of State's website, at www.sunbiz.org, the Court may take judicial notice of such records." *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019).

As a general rule, the Carmack Amendment "makes common carriers liable for actual loss of or damage to shipments in interstate commerce, thereby protecting shippers against the negligence of interstate carriers." *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 900 (11th Cir. 2019) (quotations and citations omitted). **"To establish a prima facie case of liability under the Carmack Amendment, the shipper must show three things: (1) the goods were delivered to the carrier in good condition; (2) the goods were damaged during transit; and (3) a specified amount of damages resulted."** *Id.* Once a plaintiff presents a prima facie case, the burden shifts to the carrier to prove both that "(1) it was free from negligence and (2) the damage to the cargo was caused by one of five excusable factors." *Id.* The excusable factors are an act of God, the public enemy, the act of the shipper, public authority, and the inherent nature of the goods. *Id.*

A plaintiff asserting a claim pursuant to the Carmack Amendment must also "file with the carrier a notice of a claim that satisfies [49 C.F.R.] § 1005.2(b) before filing suit." *Siemens Power Transmission & Distrib*[.] *v. Norfolk S. Ry.*, 420 F.3d 1243, 1245 (11th Cir. 2005). Under 49 C.F.R. § 1005.2(b), "[a] **written or electronic communication** . . . from a claimant, filed with a proper carrier . . . and: (1) [c]ontaining facts sufficient to identify the baggage or shipment (or shipments) of property, (2) asserting liability for alleged loss, damage, injury, or delay, and (3) making claim for the payment of a specified or determinable amount of money, shall be considered as sufficient compliance with the provisions for filing claims . . . ." 49 C.F.R. § 1005.2(b). Section 1005.2(b) "should be interpreted liberally in light of its purpose, which is to provide the carrier adequate notice of the claim so that it can conduct an independent investigation of the damage, not to relieve the carrier of liability." *Siemens*, 420 F.3d at 1245.

Once notice and the carrier's liability is established, "the question 'then becomes the amount of damages and, usually, whether the carrier legitimately limited its liability for the shipment to a specified value of amount.'" *Atl. Specialty*, 793 F. App'x at 900–01 (quoting *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir. 2003)). A carrier is "liable 'for the actual loss or injury to the property caused by' the carrier." *UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1286 (11th Cir. 2014) (quoting 49 U.S.C. § 14706(a)(1)). An exception to full liability exists "where a shipper agrees with a carrier to limit the carrier's liability in order to obtain a reduced shipping rate." *Id.*

"The Carmack Amendment permits a carrier to limit its liability 'to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.'" *Id.* (quoting 49 U.S.C. § 14706(c)(1)(A)).

*Fla. Beauty Express, Inc. v. JVN Express Inc.*, No. 22-24105-CIV, 2024 WL 4328894, at *3 (S.D. Fla. Sept. 20, 2024), *report and recommendation adopted*, No. 22-24105-CIV, 2024 WL 4333735 (S.D. Fla. Sept. 27, 2024) (emphasis added).

### 1.    Pre-suit Notice Requirement

The Carmack Amendment's pre-suit notice requirement is not onerous, and the Eleventh Circuit has stated that it "should be interpreted liberally in light of its purpose, which is to provide the carrier adequate notice of the claim so that it can conduct an independent investigation of the damage, not to relieve the carrier of liability." *Siemens*, 420 F.3d at 1245.

Plaintiff fails to address the notice requirement in his motion. Nonetheless, the FAC alleges (in a general manner) that "[a]ll conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed." [ECF No. 7, ¶ 6]. It further alleges that: "[d]espite **multiple requests**, Defendants did not take any further action to reimburse Plaintiff for the damages sustained or to restore the subject property to its pre-loss condition" and that "Plaintiff, individually and through his representatives, has been in **direct communication** with Defendants and has notified Defendants of his damages." *Id.* at ¶¶ 13, 15 (emphasis added).

13

Federal Rule of Civil Procedure 9(c) states that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Moreover, in the default judgment context, courts have found that allegations similar to Plaintiff's are sufficient to satisfy this pre-suit notice requirement.

In *673753 Ontario Ltd. v. HDZ Logistics, LLC*, for instance, the court found that the pre-suit notice requirement was met because:

> [t]he [p]laintiff allege[d] that it made a "timely and proper" claim upon the [d]efendant for the value of the orchids and the [d]efendant and its insurance carrier refused the [sic] pay the claim. This led to the [p]laintiff filing suit. These allegations, which must be accepted as true, are sufficient to show that the [p]laintiff satisfied the Carmack Amendment's pre-suit notice requirement.

No. 619CV506ORL40LRH, 2020 WL 9439375, at *5 (M.D. Fla. Dec. 2, 2020), *report and recommendation adopted*, No. 619CV506ORL40LRH, 2021 WL 1795498 (M.D. Fla. Jan. 6, 2021) (record citations omitted).

Similarly in *Fla. Beauty Express, Inc.*, this Court found that the notice requirement was met where: "[the plaintiff] ha[d] alleged that it 'made a claim to JVN Express seeking reimbursement' of $96,890.21 for the value of the flowers and 'JVN Express has not paid this amount or any amount.' This led to Florida Beauty filing suit." 2024 WL 4328894, at *4 (record citations omitted).

Accordingly, the Undersigned finds that the Carmack Amendment's pre-suit notice requirement is satisfied here.

### 2.    Privity

Plaintiff's motion does not address the issue of privity. The FAC alleges, in pertinent part, that:

> 9.    On or about June 3, 2021, **Plaintiff hired Defendant ONE CALL** to assist with transporting the Property from 301 Mile 1 East P.O. Box 1379, Mercedes, Texas 78570 to 444 Lovers Lane, Townsend, Tennessee 37882.
>
> 10.    On or about June 3, 2021, **Defendant ONE CALL** agreed to arrange transportation of the Property and **retained Defendant NATIONWIDE as its agent to provide the contracted transportation and/or delivery services**.
>
> 11.    During the delivery of the Property, Defendant NATIONWIDE was involved in a traffic collision wherein the Property was damaged by a low bridge.

[ECF No. 7, ¶¶ 9–11 (emphasis added; capitalization in original)]. Thus, the FAC makes plain that *One Call* (and not Plaintiff) hired Nationwide to transport Plaintiff's property.

The fact that Plaintiff did not directly contract with Nationwide does not preclude a cause of action against Nationwide under the Carmack Amendment. *See Polesuk v. CBR Sys., Inc.*, No. 05 CV 8324 (GBD), 2006 WL 2796789, at *11 (S.D.N.Y. Sept. 29, 2006) (finding "no merit to [the] plaintiffs' argument that their claims fall outside the scope of the Carmack Amendment because they did not directly contract with [the common carrier]. The lack of contractual privity does not render the Amendment inapplicable. *See, Esprit de Corp.* [*v. Victory Exp., Inc.*, 111 F.3d 138 (9th Cir. 1997)] ('The Carmack Amendment . . . holds a 'common carrier' liable for loss or injury to goods incurred during transport, regardless of the lack of contractual privity.')").

15

Thus, Plaintiff is permitted to assert a claim under the Carmack Amendment against Nationwide, even though his direct dealings were with One Call.

### 3.   Elements of a Prima Facie Case

As noted above, "'[t]o establish a prima facie case of liability under the Carmack Amendment, the shipper must show three things: (1) the goods were delivered to the carrier in good condition; (2) the goods were damaged during transit; and (3) a specified amount of damages resulted.'" *Fla. Beauty Express, Inc.*, 2024 WL 4328894, at *3 (quoting *Atl. Specialty*, 793 F. App'x at 900).

The FAC alleges that:

47.    At all times material hereto, Defendant **NATIONWIDE was an interstate motor carrier as defined under 49 U.S.C. § 13102(14)**.

48.    In June 2021, **Plaintiff's property was tendered to Defendant NATIONWIDE in good condition**.

49.    In June 2021, **Plaintiff's Property was damaged** during Defendant NATIONWIDE's transportation of the goods and Plaintiff received damaged goods upon delivery.

50.    **The damages to Plaintiff's Property exceed Seventy-Five Thousand Dollars ($75,000.00)**.

[ECF No. 7, ¶¶ 47–50 (emphasis added)]. In the default judgment context, the Court must accept these factual allegations as true. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014) ("[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]"). Thus, the FAC sufficiently pled all three elements of a prima facie claim under the Carmack Amendment.

16

D.     **Damages**

Although Plaintiff has not yet established that he has perfected service of process, in the interest of judicial economy, the Undersigned will discuss damages.

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." A*nheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2688 at 58–59 (3d ed.1998)).

Here, Plaintiff seeks $420,194.92. [ECF Nos. 35, pp. 4–5; 35-2]. But he does not address what damages are recoverable in a Carmack Amendment action. For instance, the bulk of Plaintiff's damages are "$307,000.00 ($250.00 per day at 1,228 days)" for "Loss of Use/Loss of Rental Income[,]" but Plaintiff does not cite any legal authority to support

awarding these incidental damages or other evidence supporting the reasonableness of the *per diem* amount sought. Plaintiff provides an email and an estimate to support repair costs of $30,000.00 and $66,157.00 but provides no support for the $15,000.00 in "Incidental Expenses (deck, materials, etc.)[.]" [ECF No. 35-2, p. 2].

Plaintiff also seeks prejudgment interest "[To be determined] upon rendition of the Judgment." *Id.* "The Eleventh Circuit has held that prejudgment interest is recoverable in cases involving the Carmack Amendment and that the choice of rate at which to set that interest is within the discretion of the district court." *Fla. Beauty Express, Inc.*, 2024 WL 4328894, at *6. But Plaintiff does not propose a rate for prejudgment interest.

Lastly, Plaintiff seeks $2,037.92 in "Litigation Costs", but there is no explanation of what these costs entail, no cited legal authority addressing whether these costs are recoverable (or reasonable), or any documentation supporting these costs. To the extent these costs include attorney's fees, Plaintiff "failed to identify or establish any statutory, contractual, or other basis for an award of attorney's fees" and some courts have determined that "'[t]here is no provision for attorneys' fees under the Carmack Amendment.'" *Id.* (quoting *Fine Foliage of Fla., Inc. v. Bowman Transp., Inc.*, 698 F. Supp. 1566, 1576 (M.D. Fla. 1988)).

Judge Williams expressly stated that Plaintiff's

**motion <u>must</u> reference specific legal authority establishing Plaintiff's entitlement to the relief sought** and demonstrating that service was proper. The motion <u>must</u> be accompanied by (1) a proposed default final judgment order setting forth the sum certain owed as money damages and

the sum certain sought for attorneys' fees and costs **supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings** and (2) a proposed final judgment.

[ECF No. 33 (underline emphasis in original; bold emphasis added)]. Plaintiff's motion and proposed order are not sufficiently detailed to comport with Judge Williams' directive.

## IV.    Conclusion

For the reasons stated above, the Court should **deny without prejudice** Plaintiff's motion [ECF No. 35]. Plaintiff should be given an opportunity to either file a third motion for default final judgment establishing (with supporting legal authority) that service of process by publication was proper and that he is entitled to the damages sought or be provided with an additional forty-five (45) days to perfect service of process on Nationwide in a manner which comports with Federal Rule of Civil Procedure 4. If Nationwide does not timely respond to the FAC after service has been perfected, then Plaintiff should be permitted to file a third motion for default judgment supported by legal authority entitling him to relief.

The Undersigned will require Plaintiff to mail a copy of this Report and Recommendations to Nationwide's last known addresses (9772 SW 24th Street, Miami, Florida 33165 and 9766 SW 24th Street, Miami, Florida 33165) and file a notice of compliance on CM/ECF by no later than **Tuesday, March 4, 2025**.

19

## V.      Objections

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with

Judge Williams. Each party may file a response to the other party's objection within

fourteen (14) days of the objection. Failure to file objections timely shall bar the parties

from a *de novo* determination by the District Judge of an issue covered in the Report and

shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*,

885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY   RECOMMENDED** in   Chambers,   in   Miami,   Florida,   on

February 25, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record

20