UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21573-CV-WILLIAMS

JOAQUIM NETTO,

    Plaintiff,

v.

NATIONWIDE EXPRESS
CARRIER CORP.,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations (DE 41) ("***Report***") on Plaintiff Joaquim Netto's Second Motion for Entry of Default Final Judgment against Defendant Nationwide Express Carrier Corporation ("***Nationwide***") (DE 35) ("***Motion***"). In the Report, Judge Goodman recommends that the Motion be denied without prejudice. (DE 41 at 1–2.) Specifically, the Report finds that "Plaintiff has not demonstrated that the instant action is the type of action in which service by publication is permitted under Florida law." (*Id.* at 8.) Additionally, Judge Goodman concludes that Plaintiff's Motion lacks sufficient detail to substantiate the $420,194.92 in damages sought. (*Id.* at 17–19.) No objections were filed to the Report, and the time to do so has passed.

Upon an independent review of the Report, the record, and the applicable law, it is **ORDERED AND ADJUDGED** that:

1. Judge Goodman's Report (DE 41) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Second Motion for Entry of Default Final Judgment (DE 35) is **DENIED WITHOUT PREJUDICE**.[1]

3. **On or before March 24, 2025**, Plaintiff may file a third motion for default final judgment against Nationwide. This motion must establish, with supporting legal authority, that service of process by publication was proper and that Plaintiff is entitled to the damages sought. The motion <u>must</u> be accompanied by: (1) a proposed default final judgment order setting forth the sum certain owed as money damages and the sum certain sought for attorneys' fees and costs, supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings, and (2) a proposed final judgment.

4. Alternatively, **on or before March 24, 2025**, Plaintiff may file a motion for extension of time to perfect appropriate service on Nationwide in compliance with Federal Rule of Civil Procedure 4. If Nationwide fails to timely respond to the First Amended Complaint (DE 7) after service has been perfected, then Plaintiff may file a third motion for default judgment supported by legal authority entitling him to relief.

---

[1] The Court notes that Plaintiff has been granted ample time to seek a default judgment in this matter. Despite two attempts, Plaintiff has failed to obey basic procedural rules. The Court cautions that any further non-compliance may result in sanctions, including dismissal with prejudice, for failure to comply with a Court order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>17th</u> day of March, 2025.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE